IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MICHELLE PRENTISS,

     Plaintiff,

v.

VERIZON WIRELESS TEXAS, LLC
d/b/a VERIZON WIRELESS,

     Defendant.

Case No. 3:19-cv-02376-S-BT

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court in this *pro se* employment action is Defendant Verizon Wireless Texas, LLC's (Verizon) Motion for Judgment on the Pleadings (ECF No. 8). For the reasons stated, the Court should GRANT the Motion and DISMISS Plaintiff Michelle Prentiss's claims with prejudice.

### Background

Prentiss filed her Original Petition on September 5, 2019 in the 193rd Judicial District Court of Dallas County, Texas, asserting claims against her former employer for "retaliation" and "constructive discharge" in violation of Texas law. Def.'s Ex. 10 (ECF No. 1-1). As best the Court understands her pleading, Prentiss alleges that she was terminated after being falsely accused of forging a customer's name in order to complete a sale. *Id.* at 9. She also contends that she was actually "fired due to her previously raised concerns and valid complaints against her

manager." *Id.* at 10. But Prentiss does not state what concerns she raised or what complaints she made against her manager.

Verizon answered the lawsuit in state court and then removed to federal court based on diversity jurisdiction. Notice of Removal 2 (ECF No. 1). In its Answer, Verizon argues the Petition fails to state a viable claim for relief. Def.'s Ex. 15. More specifically, Verizon argues Prentiss fails to plead any element of discrimination under state law, fails to plead that she engaged in protected activity, and fails to plead that a causal link exists between any protected activity and her retaliation claim. *Id.* Verizon further argues that the Petition is inconsistent in that Prentiss alleges she was both terminated *and* constructively discharged. *Id.* at 16. Verizon requested that Prentiss amend her Petition to clarify whether she was terminated or constructively discharged and to set forth each element of her discrimination and retaliation claims. *Id.* at 15. Finally, Verizon pleaded the affirmative defenses of limitations and failure to exhaust administrative remedies. *Id.* at 16.

Shortly following removal, the Court held a Rule 16 conference with the parties. The Court confirmed that Verizon intended to seek dismissal of Prentiss's claims based on the deficiencies in her Original Petition, as outlined in its Answer. And Prentiss stated on the record that she did not intend to file an amended complaint to cure those deficiencies. Accordingly, the Court ordered Verizon to file a Rule 12(c) motion for judgment on the pleadings. Order (ECF No. 7). Verizon timely filed the pending motion on November 12, 2019, but Prentiss did not

respond despite being given several opportunities to do. On March 13, 2020, the Court gave Prentiss one final opportunity to respond to the motion and warned Prentiss that her failure to do so would constitute an admission that she has pleaded her best case and should not be given leave to amend. *See* Order (ECF No. 11). Prentiss never filed a response. In fact, the last time the Court heard anything from Prentiss was at the Rule 16 conference when she advised the Court she did not intend to amend her pleadings. The Court therefore considers Verizon's motion without the benefit of a response.

## Legal Standard

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (internal citations omitted). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010).

When deciding a 12(b)(6) motion for failure to state a claim, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). To survive a Rule 12(c) motion for judgment on the pleadings, therefore, a plaintiff's complaint must

3

contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey*

*v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

## Analysis

### I. Prentiss fails to state a claim for discrimination, constructive discharge, and retaliation.

Under the Texas Commission on Human Rights Act (TCHRA), it is unlawful for an employer to discharge or otherwise discriminate against an employee in the terms, conditions, or privileges of employment on the basis of the employee's race, color, disability, religion, sex, national origin, or age. Tex. Lab. Code § 21.051. To state a claim under this Section, an employee must allege: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the employer gave preferential treatment to an employee outside the protected class. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 583 (Tex. 2017). An employee who resigns has suffered an adverse employment action if the resignation constitutes a constructive discharge. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 805 (Tex. 2010). Constructive discharge "requires proof that the employer made the working conditions so intolerable that a reasonable person would feel compelled to resign." *Id.* (citing *Pa. State Police v. Suders*, 542 U.S. 129, 141 (2004)).

It is also unlawful for an employer to retaliate or discriminate against a person who opposes discriminatory employment practices; files a charge or complaint of employment discrimination; or testifies, assists, or participates in any

5

manner in an investigation, proceeding, or hearing related to employment discrimination. Tex. Lab. Code § 21.055. To state a claim for retaliation under the TCHRA, an employee must allege: (1) she engaged in a TCHRA-protected activity; (2) she experienced a material, adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 782 (Tex. 2018).

Prentiss fails to state a discrimination claim under § 21.051—for constructive discharge or otherwise—or a claim for retaliation under § 21.055. Prentiss's factual allegations in their entirety are as follows:

## FACTS

Plaintiff was terminated for forgery. She was terminated a full four months after the alleged incident occurred. She was accused of signing a customer's legal name to complete a sale. Plaintiff asserts that she never signed the customer's legal name, and in fact informed her managers about the incident real time [sic] as it occurred. She repeatedly asked for intervention due to escalation [sic] was given incorrect direction and later false assurances by her managers. Furthermore, Plaintiff was terminated for forgery when other employees in the store were not terminated for the similar offenses including system work arounds. Also, Plaintiff believes she was fired due to her previously raised concerns and valid complaints against her manager.

## RETALIATION

Defendant, Verizon Wireless, committed unlawful employment practices against Plaintiff because Plaintiff engaged in activity protected under the Texas Labor Code. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities, and otherwise adversely affect her status as an employee, because of her engagement in a protected activity. Plaintiff would show that the retaliatory actions taken against her were motivated by Plaintiff making or filing a charge and filing a

complaint. Plaintiff alleges that the retaliation was committed with malice or with reckless indifference to the state-protected rights of Plaintiff.

CONSTRUCTIVE DISCHARGE

Verizon Wireless made the working conditions so intolerable that Plaintiff felt compelled to resign her position. A reasonable person in the same position would have also felt compelled to resign. Plaintiff suffered damages for which Plaintiff herein sues.

Def.'s Ex. 9-10.

These allegations fail to state a claim for discrimination under § 21.051 or for constructive discharge. Although she asserts that "other employees in the store were not terminated for the similar offenses including system work arounds," *id.* at 10, Prentiss does not allege that she is a member of a protected class and that she was qualified for the position from which she was terminated. Nor does she allege that the "other employees" who were not terminated for similar offenses were outside her protected class. Thus, she has not stated a claim for discrimination. *See Styles v. Walmart Sam's Club*, 2019 WL 4017641, at *3 (N.D. Tex. July 30, 2019) (recommending dismissal of wrongful termination suit where plaintiff failed to allege membership in any protected class), *rec. adopted*, 2019 WL 4015212 (N.D. Tex. Aug. 26, 2019); *Cetina v. Super Target*, 2004 WL 2434416, at *2 (N.D. Tex. Nov. 1, 2004) (recommending same), *rec. adopted*, 2004 WL 4910145 (N.D. Tex. Dec. 1, 2004), *appeal dismissed*, 185 F. App'x 405 (5th Cir. 2005).

Nor does Prentiss state a claim for constructive discharge. Her allegations with respect to constructive discharge are nothing more than a "formulaic recitation of the elements" of a constructive discharge. *Twombly*, 550 U.S. at 555. Prentiss has not alleged specific facts to state a claim for relief for constructive discharge that is plausible on its face. Indeed, Prentiss does not describe how working conditions were so intolerable as to cause her to resign. And, importantly, Prentiss does not allege that she resigned. To the contrary, she alleges that she was *terminated*. Def.'s Ex. 9. This allegation necessarily precludes Prentiss from stating a plausible claim for constructive discharge. *Kurth v. Gonzales*, 469 F. Supp. 2d 415, 425 (E.D. Tex. 2006) (dismissing constructive discharge claim for failure to state a claim where plaintiff alleged he was officially terminated because "[a]ctual termination precludes a suit for constructive discharge") (citing *Jordan v. City of Gary*, 396 F.3d 825, 836-37 (7th Cir. 2005)).

Finally, Prentiss fails to state a claim for retaliation under § 21.055. Prentiss's vague factual allegations that she "repeatedly asked for intervention," and "previously raised concerns and valid complaints against her manager," do not raise a right to relief for retaliation beyond the speculative level. Indeed, she does not describe why she requested intervention nor what concerns or complaints she raised against her manager; thus, she has not adequately alleged how these concerns and complaints constituted TCHRA-protected activities. Moreover, her retaliation-specific allegations, like her constructive discharge allegations, merely

recite the elements of the cause of action. Prentiss has not stated a claim for retaliation.

### II. Prentiss should not be given leave to file an amended complaint.

As discussed above, the Court has given Prentiss multiple opportunities to address the deficiencies in her pleadings, including once in open court at the Rule 16 conference and again by extending her deadline to respond to Verizon's motion. The Court warned Prentiss more than once that it would construe her refusal to address the deficiencies in her pleadings as an admission that she has pleaded her best case. Accordingly, Prentiss should not be given leave to file an amended complaint. *See Mandujano v. City of Pharr*, 786 F. App'x 434, 437 (5th Cir. 2019) ("[L]eave maybe denied where, as here, the movant insisted his complaint sufficed to state a claim and 'fail[ed] to apprise the district court of the facts that he would plead in an amended complaint, if necessary, to cure any deficiencies.'") (citing *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017)).

### Recommendation

For the foregoing reasons, Verizon's Motion for Judgment on the Pleadings (ECF No. 8) should be GRANTED. Prentiss should not be given leave to file an amended complaint, and her claims should be dismissed with prejudice.

**SIGNED** March 27, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).